UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN W MATHEWS,

    Petitioner,

v.

JEFFREY A UTTECHT,

    Respondent.

CASE NO. 3:20-CV-06215-RSL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  May 7, 2021

The District Court has referred this action to Chief United States Magistrate Judge J. Richard Creatura. Petitioner filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court conviction and sentence. *See* Dkt. 3. The Court concludes that the petition is time-barred and recommends that the petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for one count of first-degree rape of a child. Dkt. 8, Exhibit 1. The

superior court sentenced petitioner on December 22, 2014. Dkt. 8, Exhibit 1. Petitioner was sentenced to 131 months to life of total confinement, but the superior court suspended the sentence under Washington's Special Sex Offender Sentencing Alternative ("SSOSA") statute. Dkt. 8, Exhibit 1. On September 23, 2016, Petitioner's SSOSA sentence was revoked and the superior court imposed the suspended sentence. Dkt. 8, Exhibit 2. Petitioner appears to challenge both his original judgment and sentence and the order revoking his SSOSA imposing the suspended sentence. *See* Dkt. 3 at 1. Petitioner did not appeal his judgment and sentence or the order revoking his SSOSA in state court. Dkts. 3, 8.

On December 16, 2020 petitioner filed this petition pursuant to § 2254. Dkts. 1, 3. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On March 18, 2021, respondent filed an answer, wherein he maintains that the petition is time-barred and should be dismissed with prejudice. Dkt. 7, 8. In the alternative, respondent argues that the petition is unexhausted and procedurally barred and should be dismissed on the merits. Dkt. 7. Petitioner did not file a traverse.

**I.     Discussion**

*A.  Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is

pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed by the clerk on December 22, 2014, and he did not file a direct appeal challenging his conviction and sentence. Dkts. 3, 8 at Exhibit 1. The superior court revoked petitioner's SSOSA and imposed the suspended sentence on September 23, 2016. Dkt. 8, Exhibit 2. Petitioner did not appeal this decision. *See* Dkt. 3, 8. Petitioner appears to challenge both decisions by the superior court in this petition. *See* Dkt. 3 at 1.

The Court need not address whether the date of the original judgment and sentence (2014) or the revocation of his SSOSA (2016) is the date which triggered the federal statute of limitations because it does not affect the outcome. Applying either date, the petition was filed after the statute of limitations period expired. *See* Dkt. 1, 3, 8 at Exhibits 1, 2; *See also* Wash. RAP 5.2(a); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final).

As the record reflects that the petition was filed after the statute of limitations had run, the petition is untimely.

|   |   |
|---|---|
| 1 | B. *Statutory and Equitable Tolling* |
| 2 | The AEDPA limitations period is tolled for any properly filed collateral state challenge to |
| 3 | the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, petitioner did not a collateral |
| 4 | challenge in state court, and thus, statutory tolling does not apply. |
| 5 | The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his |
| 6 | rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, |
| 7 | 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner |
| 8 | at the very least must show the extraordinary circumstances "were the but-for and proximate |
| 9 | cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). |
| 10 | Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any |
| 11 | extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 3. |
| 12 | Therefore, petitioner fails to show he is entitled to statutory or equitable tolling, and the petition |
| 13 | is barred by the AEDPA limitations period. |
| 14 | C. *Exhaustion* |
| 15 | Respondent also argues that the petition is not properly exhausted because petitioner never |
| 16 | raised his federal claim in any state court. Dkt. 7. However, because the Court concludes that the |
| 17 | petition is untimely, the Court declines to consider respondent's alternative ground for denying |
| 18 | habeas corpus relief. |
| 19 | **II.    Evidentiary Hearing** |
| 20 | The decision to hold an evidentiary hearing is committed to the Court's discretion. |
| 21 | *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a |
| 22 | hearing could enable an applicant to prove the petition's factual allegations, which, if true, would |
| 23 | entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is |
| 24 | available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the |

1 | state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not
2 | entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the
3 | record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
4 | court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
5 | hold an evidentiary hearing in this case because, as discussed in this report and recommendation,
6 | the petition may be resolved on the existing state court record.

### III.     Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

### IV.     Conclusion

The petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the petition is barred by the one-year limitations period

1  imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 7, 2021 as noted in the caption.

Dated this 22nd day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6